**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4787

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

ANTONIO MAURICE COOPER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Terrence W. Boyle, District Judge.  (2:04-cr-41-1-BO)

Submitted: December 21, 2006       Decided:  December 28, 2006

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Walter H. Paramore, III, THE LAW OFFICES OF W. H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, John Howarth Bennett, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Maurice Cooper pled guilty without a plea agreement to possession of a firearm by a convicted felon and aiding and abetting the same conduct, in violation of 18 U.S.C. §§ 2, 922(g)(1), 924 (2000). The district court sentenced Cooper to the statutory maximum of 120 months' imprisonment. See 18 U.S.C. § 924(a)(2) (2000). Cooper timely appealed, and counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there are no meritorious issues for appeal but seeking review of whether the district court improperly enhanced Cooper's sentence even though a jury did not find those enhancements beyond a reasonable doubt. Cooper did not file a pro se supplemental brief, despite receiving notice of his right to do so. Finding no error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In determining the sentence, courts are still required to calculate and consider the guidelines range, as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). Id. In sentencing defendants after Booker, district courts should apply a preponderance of the evidence standard, taking into account that

the resulting guideline range is advisory only.  <u>United States v.</u> <u>Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005).  We will affirm a post-<u>Booker</u> sentence if it is within the statutorily prescribed range and is reasonable.  <u>Hughes</u>, 401 F.3d at 546-47.

Treating the sentencing guidelines as advisory, the district court correctly calculated Cooper's range using a preponderance of the evidence standard.  Although this calculation included conduct upon which state charges were dismissed, sentencing courts have always maintained the power to consider the broad context of a defendant's relevant conduct.  <u>See</u> <u>United</u> <u>States v. Watts</u>, 519 U.S. 148, 152 (1997).  While the sentencing guidelines range was 235 to 293 months' imprisonment, Cooper was sentenced to the statutory maximum term of 120 months' imprisonment.  We conclude this sentence was reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal.[*]  We therefore affirm Cooper's conviction and sentence.  This court requires that counsel inform Cooper, in writing, of the right to petition the Supreme Court of the United States for further review.

---

[*]The <u>Anders</u> brief also references Cooper's contention that his trial counsel was ineffective. Claims of ineffective assistance of counsel generally should be asserted on collateral review rather than on direct appeal, unless proof of the claimed ineffective assistance is apparent on the face of the record. <u>United States v.</u> <u>Baldovinos</u>, 434 F.3d 233, 239 (4th Cir.), <u>cert. denied</u>, 126 U.S. 1407 (2006). Because ineffective assistance is not apparent on the face of the record, we decline to address the claim in this appeal.

If Cooper requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cooper. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED